### H. C. MERHOFF v. HOPE INSURANCE COMPANY.

**Insurance—Mutual Companies—Power to Borrow From One Fund to Pay Charges Against Another.**

By the provisions of the charter the directors were authorized to borrow money to pay losses, there is no reason why they should not borrow from the stock fund of the company instead of going into the money market.

**Insurance—Mutual Companies—Assessments—Notice—Failure to Pay— Default—Loss of Insurance.**

Where the charter provides that if a member neglects to pay an assessment for thirty days after it should become payable is excluded from all benefits under his insurance, constitutes notice of the contract between the company and the member and is in no sense a forfeiture of his interest in the company, but it is an equitable limitation on the right of the first to break the covenant to recover on it.

**Insurance—Mutual Companies—Notice of Assessment—Publication.**

The object of the charter in requiring the notice of assessments to be made public was that each member of the company might have an opportunity to inform himself of the fact and after thirty days publication the law would imply notice and hold the member to the consequences of non-payment, although he had no actual notice of his duty to pay.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 16, 1872.

OPINION BY JUDGE LINDSAY:

It appears from the testimony of Bly, who is the witness of appellant, that the assessment of July, 1868, was made for the

purpose of returning the money borrowed from the stock fund
to pay that portion of the losses and expenses chargeable to
the mutual insurers. The exact amount due for the purposes
is not stated by the witness, but he makes no disclosure show-
ing that the assessment was illegal. Under the nineteenth sec-
tion of the charter the directors were authorized to borrow money
to pay losses, and as the company owned two separate funds we
can perceive no good reason why the mutual insurers might not
borrow from the stock fund of the company instead of going
into the money market.

The 22d section, in so far as it provided that members of the
company who should neglect or refuse to pay any assessment
duly ordered for the term of thirty days after it should become
payable, should be excluded and debarred of, and lose all benefit
and advantage of his or her insurance for and during the term
of such non-payment or default, constituted an essential notice
of the contract between the company and the member. The
suspension of the policy held by such member was in no sense
a forfeiture of any interest held by him. It was an equitable
and proper limitation upon the right of those who had first
violated and broken their covenant to recover in an action on
such covenant. The party who had notice of the fact that a
legal assessment had been made against him, and voluntarily
neglected to pay it for more than thirty days after such notice,
thereby elected to suspend his right to collect the amount of his
policy of insurance in case of loss. The object of the charter in
requiring the notice of the assessments to be made public was
that each member of the company might have an opportunity
of acquiring information of the fact that such assessment had
been made. Thirty days after publication, the law would imply
notice to each member and hold him to the consequences of non-
payment, even though the publication had wholly failed to apprise
him of the existence upon his part of the duty to pay.

This being true, it is manifest that when the policy holder had
actual notice, whether he received it through the newspapers, or
by letter or circular and failed to pay, that he was wilfully in
default and ought not be heard complain that the terms of his
contract are asked to be enforced by the company.

It is immaterial whether appellant received the notice mailed

to him or not,.as the rule of the chancery court when served on him was actual notice of his indebtedness. His failure to pay within thirty days thereafter was an election upon his part to suspend his rights under his policy of insurance, and after the destruction of the property insured he could not make a payment of the assessment so long withheld relate back to the time of the fire.

The judgment of the chancellor dismissing his cross petition must be affirmed.

*M. Mundy, for appellant.*

*J. G. Wilson, for appellee.*